Howell, J.,
concurring. I concur in the conclusion of Mr. Justice Taliaferro on the ground that I know of no law that enables a landlord and his tenant to shield the property of the latter from the pursuit of his creditors. When any other creditor than the landlord gets a judgment against a tenant, such creditor can seize the property of the tenant, so far as seizable under any execution, and sell it. Then the landlord may assert his preference on the proceeds for what is due him at the time j but he has no legal power or right to prevent by injunction the seizure and sale of the property subject to his privilege, if he has not by some judicial proceedings or some legal mode taken possession of it.
Article 2709 R. C. C. says: “In the exercise of this right (i. e., his right of pledge), the lessor may seize the objects which are subject to it, before the lessee takes them away, or within fifteen days after they *488 are taken away, if they continue to be the 'property of the lessor, and can be identified.”
Until he seizes the property as provided by the law, any other creditor with a writ may seize under the general laws on the subject of seizing the property of debtors. All the articles of the Code relating to lease must be construed together.
Mr. Justice Morgan concurs in this opinion.